UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MIGUEL DAUPHIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4850** |
| **AMERICAN FIRE & CASUALTY COMPANY, et al.** | **SECTION "G"(5)** |

**ORDER AND REASONS**

This litigation involves personal injuries Plaintiff Miguel Dauphin ("Dauphin") sustained during a car accident. Before the Court is Dauphin's "Motion for Partial Summary Judgment on the Issue of Liability and Comparative Fault,"[1] wherein Dauphin requests "judgment as a matter of law resolving the issues of liability and comparative fault determining that defendant, David W. Gaither, is 100% liable and solely at fault for any damages arising out of the motor vehicle collision and Miguel Dauphin is free from any fault or liability in the accident, and American Fire and Casualty Company provided automobile liability insurance up to the limits of liability policy number BAA 54668673."[2] Defendant do not oppose the pending motion.[3] Having considered the pending motion, the memorandum in support, the lack of opposition, and the applicable law, the Court will grant the motion.

**I. Background**

According to the Complaint, on August 1, 2012, Dauphin was driving on the Westbank Expressway in Jefferson Parish, Louisiana, when his 2008 Mercedes Benz E350 was rear-ended by

---

[1] Rec. Doc. 28.

[2] *Id.* at pp. 1–2.

[3] Defendants have filed no opposition into the record, and the parties' proposed Joint Pretrial Order indicates that "Defendants will not be contesting liability or insurance coverage." Rec. Doc. 32 at p. 3.

a 2006 Ford F-250 driven by David W. Gaither ("Gaither").[4] At the time of the accident, Gaither was employed by Defendant Hollis Electric Company, Inc. ("Hollis Electric"), who also owned the Ford F-250.[5] Defendant American Fire & Casualty Company ("American Fire") served as Hollis Electric's vehicle liability insurer.[6]

On June 19, 2013, Dauphin filed the Complaint in this matter, naming Gaither, Hollis Electric, and American Fire as Defendants.[7] He asserts a claim for negligence and seeks damages including past and future physical pain and suffering, past and future mental anguish, medical expenses, disability, wage loss and loss of earning capacity, and property damage.[8]

On April 24, 2014, Dauphin filed the pending Motion for Partial Summary Judgment, noticing the motion for submission on May 14, 2014.[9] Defendants did not file any opposition to the pending motion, and in their proposed Joint Pretrial Order, the parties represented that "Defendants will not be contesting liability or insurance coverage."[10]

## II. Standard on a Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as

---

[4] Rec. Doc. 1 at ¶ 9.

[5] *Id.*

[6] *Id.* at ¶ 10.

[7] *Id.* at ¶¶ 5–7.

[8] *Id.* at ¶ 16.

[9] Rec. Doc. 28.

[10] Rec. Doc. 32 at p. 3.

2

a matter of law."[11] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[12] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[13] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[14]

The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, which it believes demonstrate the absence of a genuine issue of material fact.[15] If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence that would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[16] The nonmoving party can then defeat the motion for summary judgment by either countering with sufficient evidence of its own or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[17] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for

---

[11] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[12] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[13] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[14] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[15] *Celotex*, 477 U.S. at 323.

[16] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991).

[17] *Id.* at 1265.

trial.[18]

Although the Fifth Circuit forbids a district court from granting summary judgment merely because the motion is unopposed, if the Court's independent review of the record reveals that there are no genuine disputes as to any material facts, granting summary judgment is appropriate.[19]

### III. Law and Analysis

**A.     Applicable Law**

This Court's subject matter jurisdiction was invoked pursuant to 28 U.S.C. § 1332, which provides original jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds $75,000. As a federal court exercising diversity jurisdiction, it is "axiomatic" that this Court must apply Louisiana law to resolve matters of substantive law presented in the pending motion and "attempt to discern how Louisiana's highest court would resolve the issues at hand."[20] Although that doctrine is equally applicable when a federal court is "[a]ddressing an unsettled area of Louisiana law," federal courts should "avoid creating new rights and remedies in Louisiana state law where [the court] lack[s] express statutory authority or clear directive from the Louisiana Supreme Court."[21]

**B.     Comparative Fault**

Plaintiff first requests "judgment as a matter of law resolving the issues of liability and comparative fault determining that defendant, David W. Gaither, is 100% liable and solely at fault for any damages arising out of the motor vehicle collision and Miguel Dauphin is free from any fault

---

[18] *See, e.g.*, *Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[19] *Hibernia Nat. Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

[20] *In re Whitaker Const. Co. Inc.*, 411 F.3d 209, 209 n.4 (5th Cir. 2005) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

[21] *Id.*

or liability in the accident . . . ."[22] Pursuant to Louisiana Revised Statute § 32:81(A), drivers of motor vehicles have a duty "not [to] follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." As the Louisiana Supreme Court explained in *Mart v. Hill*, "Louisiana courts have uniformly held that a following motorist in a rear-end collision is presumed to have breached the standard of conduct prescribed in La. Rev. Stat. Ann. 32:81 and hence is presumed negligent."[23] The following motorist, therefore, "bears the burden of exonerating himself."[24] To meet this burden, the following motorist must "establish[] that he had his vehicle under control, closely observed the lead vehicle and followed at a safe distance under the circumstances."[25]

In support of summary judgment, Plaintiff points to the deposition testimony of Miguel Dauphin, describing the accident as a rear-end collision.[26] Defendant has not come forward with any evidence to rebut the presumption that Gaither, as the following motorist, was negligent, and indeed, the proposed Joint Pretrial Order indicates that "Defendants will not be contesting liability . . . ."[27] Given the testimony provided by Dauphin establishing that he was rear-ended, Louisiana's presumption that the following motorist is negligent, and the lack of any evidence tending to exonerate Gaither, the Court finds that summary judgment is appropriate.

---

[22] Rec. Doc. 28 at p. 1.

[23] *Mart v. Hill*, 505 So. 2d 1120, 1123 (La. 1987) (citing, *e.g.*, *Eubanks v. Brasseal*, 310 So. 2d 550, 553 (La. 1975)).

[24] *Domingo v. State Farm Mut. Auto Ins. Co.*, 10-264 (La. App. 5 Cir. 11/9/10), 54 So. 3d 74, 80.

[25] *Ebarb v. Matlock*, 46,243 (La. App. 2 Cir. 5/18/11), 69 So. 3d 516, 520–21.

[26] *See* Rec. Doc. 28-4, Deposition of Miguel Dauphin, Oct. 15, 2013, at pp. 2–4.

[27] Rec. Doc. 32 at p. 3.

B.    **Insurance Coverage**

Next, Plaintiff seeks "judgment as a matter of law resolving . . . [that] American Fire and Casualty Company provided automobile liability insurance up to the limits of liability policy number BAA 54668673."[28] In support of his motion, Plaintiff directs the Court to Defendants' answers to Plaintiff's requests for admission, wherein Defendant admitted that "David W. Gaither was driving a vehicle owned by Hollis Electric Company, Inc. at the time of the motor vehicle collision,"[29] and that Gaither "was operating a vehicle with the permission of Hollis Electric Company, Inc. at the time of the motor vehicle collision . . . ."[30] Further, Plaintiff points to Gaither's deposition testimony, in which Gaither testified that he was driving a vehicle owned by Hollis Electric and that he had permission to use the vehicle.[31] Finally, Plaintiff submits a copy of the police report from the accident, indicating that the vehicle driven by Gaither was a 2006 Ford F-250 with vehicle identification number 1FDSX20516EC95368,[32] as well as a copy of the insurance policy issued by American Fire to Hollis Electric covering a 2006 Ford F-250 with vehicle identification number 1FDSX20516EC95368.[33] In light of the foregoing evidence, summary judgment is appropriate on the issue of insurance coverage.

---

[28] Rec. Doc. 28 at pp. 1–2.

[29] Rec. Doc. 28-6, "Defendants' Answers to Plaintiff's Request for Admission," at p. 2.

[30] *Id.* at p. 3.

[31] Rec. Doc. 28-5, Deposition of David Gaither, Dec. 5, 2013, at pp. 5–8.

[32] Rec. Doc. 28-3, "State of Louisiana Uniform Motor Vehicle Traffic Crash Report," at p. 3.

[33] Rec. Doc. 28-7, American Fire and Casualty Company Business Auto Policy Number BAA54668673.

## IV. Conclusion

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[34] Under Louisiana law, "a following motorist in a rear-end collision is presumed to have breached the standard of conduct prescribed in La. Rev. Stat. Ann. 32:81 and hence is presumed negligent."[35] Dauphin has come forward with evidence establishing that he was rear-ended by Gauthier on August 1, 2012, and Defendants have not attempted to rebut the resulting presumption of negligence. Further, Dauphin has submitted evidence establishing that American Fire and Casualty Company provided automobile liability insurance to Hollis Electric up to the limits of liability policy number BAA 54668673. Accordingly, the Court finds that there is no genuine dispute as to any material fact, and

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Partial Summary Judgment on the Issue of Liability and Comparative Fault"[36] is **GRANTED**.

**NEW ORLEANS, LOUISIANA** this  11th  day of June, 2014

                                                  **NANNETTE JOLIVETTE BROWN**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[34] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. at 322–23.

[35] *Mart v. Hill*, 505 So. 2d at 1123.

[36] Rec. Doc. 28.